is held by Victoria McKay Kenneson versus James Harney at the lead by Gregory Jodek. Ms. Kenneson. Thank you. May it please the court, counsel. My name is Victoria McKay Kenneson. I am one of the attorneys for Appellant Sandra Harney in this cause. We have filed for the court's consideration a brief as well as a reply brief. I believe the facts in this case are relatively simple, but just for our convenience I'll just cite briefly. In June of 2003 there was an amended judgment for disillusion of marriage entered following a contested trial in which maintenance, rehabilitative maintenance was awarded for 36 months in the amount of $5500 per month. At the time there was one minor child, sole custody had been awarded to Sandra and subsequent to entry of that order there was a petition to modify the maintenance that was filed by both parties seeking a review. And in January of 2007 following again a contested hearing the court entered an order in which it found that while Sandra had made reasonable efforts to try and become financially independent, due to circumstances beyond her control she had been unable to reach that goal. And so the trial court ordered the maintenance to continue concluding in June of 2009. Following that order there was a motion again, an amended petition to modify the maintenance by Sandra and a timely 619 motion for involuntary dismissal was filed by the former husband James. And following a hearing and arguments on that in essence it lacked the subject matter jurisdiction in which to entertain or hear Sandra's petition to modify maintenance. There was a timely motion to reconsider filed and that too was denied and the notice of appeal was timely filed. Now there is just one real issue in this case that we allege for the court's consideration and that is whether or not the trial court erred, enacted without authority to dismiss, involuntarily dismiss Sandra's petition to modify time limited maintenance without an evidentiary hearing when two things had occurred. The petition, one, the petition had been timely filed prior to termination of that maintenance award and two, the parties had never entered into an agreement pursuant to section 502 of the Illinois Marriage and Disillusionment of Marriage Act, specifically agreeing to restrict or prevent the modifiability of any maintenance orders by the court. The standard of review in this case is by DeNovo as we're talking about interpreting statutory law here. Counsel for the appellee in their brief did try and argue that instead of this issue that I just recited there is an issue in regards to whether or not the trial court abused or they alleged that the trial court properly exercised its discretion in interpreting the January 2007 order to indicate that it did not have the subject matter jurisdiction. But for the reasons that are more thoroughly delineated in our briefs and what I'll briefly just again recite for the court for your conveniences, the section 510-A5 of the Illinois Marriage and Disillusionment of Marriage Act I believe is very clear and unambiguous here and it is controlling. That section provides that any judgment may be subject to modification if it is timely filed. And so if we again, if we look at the facts in this case, the maintenance order that was in effect was from January 2007 until June 15th of 2009. The petition to modify the maintenance was filed June 1st of 2009, clearly before termination of the maintenance period. And in the petition it alleged all the appropriate statutory requirements, that is mainly there being a substantial change in circumstances and that she alleged that she was suffering from breast cancer and Paget's disease. And pursuant to the hearing on the motion for involuntary dismissal, there were never any pleadings objecting to those facts or refuting those facts and those facts all have to be regarding any statutory terminating factors. That would have been the only other way in which the court could have lost subject matter jurisdiction. So when the trial court interpreted its January 2007 order, apparently it appears that the court felt because the language in its decision said maintenance to continue and conclude, the court interpreted that or indicated that he believed that that was termination. And honestly, we don't dispute his discretion to interpret his own order. We feel that his order was a proper order in January 2007. It was properly issued in compliance with the section of 50510 and we had no cause to appeal that order. And at this point, when the court determines that because conclude in its mind means terminate, therefore he loses subject matter jurisdiction, we feel that that is contrary to not just section 510A5, but also it's contrary to controlling law, specifically case law from this court that was issued in 92, I believe the In Re Marriage of Tucker case. This court had specifically found that unless the parties specifically agree to restrict or limit the ability to modify future maintenance, the trial court does not have that authority to prevent any future modifications that are properly brought under the statute. And then more recently, obviously, there was the second district case later brought up in the Illinois Supreme Court, Bloom v. Koster. The second district case was issued in 2007 and the Illinois Supreme Court issued its decision in 2009. And that case also makes very clear that the trial court cannot make a maintenance order non-modifiable or non-reviewable absent an agreement by the parties under section 502. So for those reasons, we believe that there was clearly proper subject matter jurisdiction and the trial court erred when it found that it did not have that subject matter jurisdiction and denied our client the ability to have a proper evidentiary hearing on her petition to modify. Unless there are any questions, thank you. All right. Thank you. Mr. Jumbach. Thank you, Justice. May it please the court again. Gregory Jumbach of Reits Jumbach and Associates on behalf of Mr. Harney v. Appley. Ms. Kenneson, without a doubt, accurately summarizes the facts of this January 8, 2007 order and the court's interpretation of that order. Again, we believe and we cite our case law that the court's interpretation of its own order is under the abuse of discretion standard. In this case... He can't interpret his own order so that it's contrary to law. However, the question becomes whether that order was contrary to law. First of all, we posit that it wasn't actually contrary to law. At the time that Judge Barron made his decision in January 2007, Blum v. Koster was not out either from the Second District nor from the Supreme Court. I would argue that the Tucker case, which counsel refers to both in her brief as well as in her arguments, actually deals with the interpretation of an agreement and the way the court interpreted the agreement, the ambiguous or I'm sorry, judgment. So even if Judge Barron's order at the time that he entered it... First of all, we claim it wasn't clear that you couldn't award fixed maintenance. In fact, Section 504 itself provides that the court may award temporary permanent maintenance in such periods of time as the court views as appropriate for fixed indefinite periods of time. When Judge Barron entered his order, he entered it for a period of time between 2008 and 2009. The issue as to whether or not that order is... And I would, I guess, have to admit to the court that after Blum v. Koster, Judge Barron couldn't have entered that order, especially after it was clarified by the Supreme Court. But at the point in time when this case was heard and decided, that case hadn't even been appealed yet. And neither the Second District nor the Supreme Court. Well, those cases don't say that you can't enter an order for maintenance for a certain period of time. It just says that you can't absent agreement from the parties. The law is that you can't make it non-modifiable. Correct. So his order, in other words, his order on its face, the 2007 order doesn't really violate those, the Supreme Court decision, does it? I really honestly don't think that it does, no. The question is, what gets raised within Blum v. Koster is whether or not when the court said, you know, not extendable. I know that wasn't the exact term used by the trial court in Blum v. Koster, but in essence, that's what it was. It was not extendable. And frankly, the trial court's opinion in Blum v. Koster is exponentially longer than that issue in this case. I think it's also important that when Judge Barron, I believe it's in the first hearing on the because there's an issue as to what conclude means. And he found conclude means conclude. And within the dictionary, conclude is the same definition as terminate. I think they actually cross-reference each other in either definition. Well, in absence of timely motion by your opponent, the order would have, you know, maintenance would have concluded on that date, none of which flies in the face of any of the law. The question is, did the 2007 order say that it's non-modifiable? It didn't say it was non-modifiable. It said it would conclude either sooner than June 15th, 2009 or on June 15th, 2009. So our argument is that, and what Judge Barron found is that he intended, and the order stated, that there would be no maintenance afforded to Mrs. Harney, the former Mrs. Harney, excuse me, past June 15th, 2009. Except that interpretation seems to fly right in the face of pretty established case law. I would respectfully submit that it's not actually pretty, that doesn't fly in the face of established case law. Today it does. I would say that today it does. However, even in this Court's decision in Rodriguez, and we stay within our brief, there's an interpretation as to, or I would say that the door is left open as to whether or not, when examining Section 504, the fixed period of time, which I previously referred to, allows the Court to say, no, at this date, you're done. Without question, I can't sit here and tell anyone that today Judge Barron's order would be to extend the 30 days of the January 2007 order. The order is what the order is, standing with the conclude. Had his order said, whatever happens between now and the date I say it terminates, if this will terminate on that date and will never ever be extended, then I think she would have had a duty to appeal. But that's not what the order said. It just says, I mean, a judge can still enter a maintenance order that says this terminates, you know, temporary maintenance for three years, and then depend to conclude on June 6th of whatever date. But that order doesn't say it's non-modifiable, and so, you know, why appeal things unless there's a need to appeal them? Well, because, frankly, I think it's also important the fact that after that decision was made in January of 2007, the former Mrs. Harney filed a very extensive motion to reconsider for additional rulings, never therein addressing the issue of the maintenance. Our argument and our stance is, frankly, the same as Judge Barron's was, when interpreting his order, that conclude means conclude, which is cross-referenced by the term terminate. And that his intention was, and frankly, you know, I drafted the original motion for involuntary dismissal, that it stays, it concludes, it's over. So if there was a question... He didn't say this order can never be modified, and that's all the Supreme Court says in these cases, is you can't enter an order that's non-modifiable without the agreement of the parties. And nowhere in his order, even though he says it concludes on X date, does he ever say it's non-modifiable. I would agree that that language is never in there. However, I don't believe that it was necessary that that language be in there. And if Mrs. Harney had issues and questions, which she clearly did because she filed this substantial motion to reconsider for additional rulings after that order was entered, then she should have raised that issue then. And the fact that Judge Barron, and I guess we're fortunate to the extent that we're not dealing with a situation where the judges have shifted. And Judge Barron, who's heard this case since infancy, was the same one hearing the case on the motion for involuntary dismissal. And the motion to reconsider said conclude means conclude. And I think that because it's an abuse of discretion standard as it relates to the interpretation of the order, that clearly his interpretation of his order isn't an abuse of discretion. Now, it's in hindsight, after reading Blum v. Castor, which hadn't even come out at the time that he granted the motion for involuntary dismissal, yes, we can say that he probably shouldn't have entered this order. However... But the Supreme Court didn't say it was change in the law. It was just telling us all what the law really was, right? That decision didn't promote a change in the law. It just says, this is what that means. They're telling all you folks what the law is. I would state to the court that our view is that that was an issue that was a questionable issue before trial courts, before the Supreme Court took it. Obviously, I wasn't the attorney on Blum. I didn't write the petition for leave to appeal to the Supreme Court. I have done that in the past. They've always been denied, but that's kind of neither here nor there. So I would state that to the extent that there was an issue between the trial courts or the circuits, I'm sorry, the appellate districts. And very clearly, if you read the case law that is relied upon by former Mrs. Harney, within her brief, everything deals with an agreement and the interpretation of an agreement. And absolutely, if there's an agreement, 502 necessarily has to control the issue. However, the issue of court says that you're terminated on this date is very important. And I think also when we're dealing with Blum v. Koster is the fact that the Supreme Court has a sole authority to make that issue retroactive. And the United States Supreme Court, as we cite in our brief, has stated that in civil cases, retroactivity should only be applied in a limited amount of situations. Because we have a serious slippery slope issue here. Because now, if this case were to be reversed and the trial court stated that you can't come back or you can't terminate maintenance, or Blum v. Koster states that you can't. First of all, he didn't say you can't come back. He just said maintenance terminates on this date. There's a pretty – we're going to agree to disagree about that. No, I would agree. He said either sooner or on June 15, 2009. And if we're talking about the potential of the retroactivity applying Blum v. Koster, we have a situation where now any person who is entitled or a recipient of maintenance, where a judge made a determination that your maintenance terminates on June 15, 2007, where to come into anyone's office now, we can say, well, we can go back and now vacate that judgment from 1984 because Blum v. Koster came out now. I think that's a potential problem, a serious problem. Why is that a problem if the maintenance is on and they still got to go through the change in circumstances and they're entitled to it? But what if there's already been a termination of maintenance? That's the solution. Well, if it's already terminated and 30 days have gone by and it's terminated, then the court has lost jurisdiction. But if your understanding was that the judge ordered at my trial that I only got maintenance until June 15, 1986, and now I'm finding out that the judge wasn't allowed to do that because he said that your maintenance concludes on June 15, 1986, well, under Blum v. Koster, now I get to come back into court. I think we disagree about our reading about that Supreme Court case. I don't think they say the judge can't terminate on a certain date. He's just saying the Supreme Court just said while they're in effect, he can't make it non-modifiable. But you still have to move to modify it while the trial court has jurisdiction. And in this case, I don't think there's any dispute that your opponent filed a motion to modify before the termination of the maintenance order. Correct. And it really is not so much a motion to modify as it is a motion to extend. Well, that'd be a modification, wouldn't it? Yes, but however, when the court already foreclosed any extension of it under the plain terms of its order, in the way it, again, interpreted its order, that conclude means conclude and conclude means terminate, and terminate means conclude, it's a fun dictionary game to play, seeing as how I was the one who did the research to play it before the trial court. But honestly, it's when my client sits there and the question becomes, I'm sorry, when the opposing side gets that order of conclude, the question becomes, should she have known? And the trial court said, yes, she should have known, that conclude means conclude, and that on June 15, 2009, you were done. If you wanted to take that case, that issue up, you should have taken that up by February 8 of 2007. So we respectfully request that you uphold the court's decision granting the motion for involuntary dismissal. And if there's any other questions from the panel? Thank you. Ms. Kenniston, anything else? If I might. As your justice has quite aptly argued all my points, really, I appreciate that. But just briefly, just so we're clear on the record, the applicable section here, 510A5, was effective January 1, 2004. And obviously, there would have been nothing preventing any smart attorney, if they received an order saying that their client's maintenance was to be terminated on this date, from appealing that decision under Section 510A5. They could have said, this is contrary to the statute, and therefore, it should be reversed. The fact that there doesn't appear? Well, just so we're clear, I mean, there's nothing wrong with the trial judge entering a maintenance order saying it terminates on X date. Then the question becomes, can somebody come in and move to modify that order before it expires, you know, before 30 days after its expiration? Absolutely. I agree. And, you know, here we have several different things going on when you're looking at interpreting the court's order from January of 2007. I maintain, Sandra maintains, that that was a proper order. The court exercised its discretion awarding time-limited maintenance to continue for two and a half years. There was no reason for us to appeal that decision. Under the Connors case, which, again, is also cited in our case, that I believe also addresses counsel's argument in which he's trying to say that we should have known that we had to appeal. Absolutely not. The Connors case says that the petitions to modify maintenance are exempted from what would otherwise normally be required under Supreme Court Rule 303A to appeal a final judgment. So for all those reasons and the others, as have been previously pointed out by this panel, I would ask that this court reverse the trial court's decision to dismiss the petition to modify and remand the case with directions to have a full evidentiary hearing. Thank you. Thank you. All right. Thank you both for your arguments here today. This matter will be taken under advisement. Written disposition will be issued. We'll be in brief recess for a panel change before the next case.